to no authority to support the proposition that the effect of similar proceedings in England is more far-reaching than here. On the contrary, the testimony of a witness called as to English law would seem to indicate that, unless cargo owners were actually made parties of record, they would not be bound, even though the vessel was arrested and advertised. But be that as it may, we think Bailey v. Sundberg is controlling.

The decree of the district court is affirmed, with costs.

# MEMORANDUM DECISIONS.

In re BECKER. (Circuit Court of Appeals, Second Circuit. December 10, 1901.) No. 7. Appeal from the District Court of the United States for the Northern District of New York. For opinion below, see 106 Fed. 54. Edward P. White, for appellant. H. V. Boost and F. W. Thomas, for appellees. Before WALLACE and LACOMBE, Circuit Judges, and TOWNSEND, District Judge.

PER CURIAM. Order affirmed in open court.

BOARD OF COM'RS OF LAKE COUNTY v. NASHUA SAV. BANK OF. NASHUA. (Circuit Court of Appeals, Eighth Circuit. December 16, 1901.) No. 1,532. In Error to the Circuit Court of the United States for the District of Colorado. C. Cavender, C. S. Thomas, W. H. Bryant, and H. H. Lee, for plaintiff in error. Thomas M. Patterson, Edmund F. Richardson, and Horace N. Hawkins, for defendant in error. Order of submission set aside, and writ of error dismissed, with costs, per stipulation.

CAMBRIA IRON CO. v. WILKINS. (Circuit Court of Appeals, Second Circuit. December 17, 1901.) No. 77. In Error to the Circuit Court of the United States for the Southern District of New York. Herman Aaron, for plaintiff in error. Carlos C. Alden, for defendant in error. Before LACOMBE, Circuit Judge, and TOWNSEND, District Judge.

PER CURIAM. The questions presented are wholly questions of fact, and were submitted to the jury under a charge which fully instructed them, and to which no exception was taken. If the jury credited the testimony of the plaintiff, and their verdict shows that they did, they were clearly warranted in finding that he was instrumental in bringing about a meeting of the minds of the parties to the sale of the 22,000 tons of rails, and that there was a distinct understanding that he was to be regarded by the seller as broker in that transaction, and entitled to his commission. The judgment is affirmed.

CHICAGO–CRIPPLE CREEK GOLD MIN. CO. et al. v. MATOA GOLD MIN. CO. (Circuit Court of Appeals, Eighth Circuit. October 28, 1901.) No. 1,327. In Error to the Circuit Court of the United States for the District of Colorado. Charles J. Hughes, Jr., and Branch H. Giles, for plaintiffs in error. C. S. Thomas, W. H. Bryant, H. H. Lee, and J. W. Ady, for defendant in error. Dismissed with costs, per stipulation.